UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| GESELA WOODS | Case No. 13-14094 |
|       Plaintiff, | Matthew F. Leitman |
| v. | United States District Judge |
| COMMISSIONER OF SOCIAL SECURITY, | Michael Hluchaniuk |
| | United States Magistrate Judge |
|       Defendant. | |
| _____/ | |

**REPORT AND RECOMMENDATION**
**CROSS-MOTIONS FOR SUMMARY JUDGMENT (Dkt. 8, 12)**

## I.   PROCEDURAL HISTORY

### A.   Proceedings in this Court

On September 25, 2013, plaintiff filed the instant suit seeking judicial review of the Commissioner's unfavorable decision disallowing benefits. (Dkt. 1). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), this matter was referred to the undersigned for the purpose of reviewing the Commissioner's decision denying plaintiff's claim for disability insurance and period of disability benefits. (Dkt. 3). This matter is before the Court on cross-motions for summary judgment. (Dkt. 8, 12).

### B.   Administrative Proceedings

Plaintiff filed the instant claims on December 4, 2010, alleging disability

beginning June 12, 2010. (Dkt. 6-2, Pg ID 36). Plaintiff's claims were initially disapproved by the Commissioner on May 20, 2011. (Dkt. 6-2, Pg ID 36). Plaintiff requested a hearing and on April 3, 2012, plaintiff appeared, with counsel, before Administrative Law Judge ("ALJ") Earl A. Witten who considered the case *de novo*. (Dkt. 6-2, Pg ID 36-44). In a decision dated April 12, 2012, the ALJ found that plaintiff was not disabled. *Id*. Plaintiff requested a review of this decision, and the ALJ's decision became the final decision of the Commissioner when the Appeals Council, on November 18, 2013, denied plaintiff's request for review. (Dkt. 6-2, Pg ID 25-28); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004).[1]

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, that defendant's motion for summary judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

---

[1] In this circuit, where the Appeals Council considers additional evidence but denies a request to review the ALJ's decision, since it has been held that the record is closed at the administrative law judge level, those exhibits submitted to the Appeals Council are not part of the record for purposes of judicial review. *See Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993); *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996). Therefore, since district court review of the administrative record is limited to the ALJ's decision, which is the final decision of the Commissioner, the court can consider only that evidence presented to the ALJ. In other words, Appeals Council evidence may not be considered for the purpose of substantial evidence review.

## II. FACTUAL BACKGROUND

### A. ALJ Findings

Plaintiff was born in 1967 and was 42 years of age on the alleged disability onset date. (Dkt. 6-2, Pg ID 43). Plaintiff had past relevant work as a public safety officer, group facilitator, and donut maker. (Dkt. 6-2, Pg ID 42). The ALJ applied the five-step disability analysis to plaintiff's claim and found at step one that plaintiff had not engaged in substantial gainful activity since the alleged onset date. (Dkt. 6-2, Pg ID 38). At step two, the ALJ found that plaintiff's degenerative disc disease, muscle disorder and thoracic outlet syndrome were "severe" within the meaning of the second sequential step. (Dkt. 6-2, Pg ID 38). At step three, the ALJ found no evidence that plaintiff's combination of impairments met or equaled one of the listings in the regulations. (Dkt. 6-2, Pg ID 39).

The ALJ determined that plaintiff had the residual functional capacity (RFC) to perform light work with the following limitations:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except she is limited to lifting only five pounds occasionally with her right upper extremity; 20 pounds occasionally and 10 pounds frequently with her left upper extremity; can stand and walk six hours out of an eight hour workday; sit at least six hours of an eight hour workday; must avoid overhead work or fine

3

> dexterity with her right upper extremity; only
> occasionally push, pull, grip or grasp with her light upper
> extremity; must avoid the use of air/vibrating tools and
> work around dangerous machinery or heights.

(Dkt. 6-2, Pg ID 39). At Step Four, the ALJ found that plaintiff could not perform her past relevant work. (Dkt. 6-2, Pg ID 42). However, the ALJ determined that, considering plaintiff's age, education, experience, and RFC, there were jobs that exist in sufficient numbers that plaintiff can perform and therefore, plaintiff had not been under a disability from the alleged onset date through the date of the decision. (Dkt. 6-2, Pg ID 44).

    B.    <u>Plaintiff's Claims of Error</u>

Plaintiff's brief begins with a recitation of the standards to be applied in evaluating the credibility of pain complaints. Plaintiff then moves on to the Commissioner's obligation to prove that she was capable of other work, given that she could not perform her past relevant work. Plaintiff contends that the Commissioner failed to satisfy this burden of proof because the hypothetical question posed to the vocational expert and on which the ALJ relied did not accurately describe plaintiff's limitations in all relevant respects. Her impairment is clearly indicated in a record of the Ingham Regional Medical Center on 3/23/2010 where it revealed that she "had pain, numbness and tingling in her right arm and hand since April 2009" and that "her symptoms began in the right hand

and radiate up the right arm to the shoulder." (Tr. 158). Also at Dr. Henderson indicated on 9/2/2010 there was the same complaint with "weakness in her hands and fingers." (Tr. 161). He stated that "clinically, she is consistent with a right brachial neuritis as well as right shoulder pain, possible impingement versus labral tear." (Tr. 162); *see also* (Tr. 168, 187). Dr. Henderson also filled out a Medical Source Statement on 4/12/2012 on which he indicated his diagnoses of "thoracic outlet syndrome," "brachial neuritis," and "shoulder pain." (Tr. 236). He indicated her functional abilities as being lifting less than 10 lbs occasionally and frequently and "no use of right upper extremity." (Tr. 236). Plaintiff contends that her testimony is "backed up in the medical record and for the ALJ to indicate that [plaintiff's] testimony is not credible is clearly in error." (Dkt. 8, Pg ID 278).

The VE testified, in response to the hypothetical questions posed by the ALJ, that she believed claimant could perform work as a social worker helper, information clerk (light), interviewer (light), ticket taker (sedentary), and information clerk (sedentary). (Tr. 19-20). During the hearing, however, when asked if plaintiff's testimony was fully credible, she testified that there would be no jobs. (Tr. 42). She further testified, in regard to absenteeism that they can only be absent "no more than one per month." (Tr. 42). Additionally, according to plaintiff, at the time of the hearing and in the judge's decision, there were no DOT codes to these jobs that the VE found during the hearing. As such, plaintiff

5

contends that it is impossible to determine the accuracy or credibility of these jobs that were supposedly found within the residual functional capacity at the different levels exertion. Thus, plaintiff asks the court to remand this case for further testimony in regards to this point. Plaintiff also argues that because the ALJ failed to provide and follow a hypothetical question that represented plaintiff in every aspect, it should not constitute substantial evidence.

Next, plaintiff recites that standard applicable to the assessment of a treating physician opinion. After reciting these standards, plaintiff asserts that it is "clear from the medical evidence of record and [plaintiff's] testimony that her ability to engage in substantial gainful activity is severely limited as a result of her physical condition. As such, [plaintiff] would only be capable of engaging in substantial gainful activity only by enduring great pain and should, therefore, be found disabled in accordance with the Social Security Rules and Regulations." (Dkt. 8, Pg ID 282).

    C.    <u>The Commissioner's Motion for Summary Judgment</u>

According to the Commissioner, because plaintiff's brief simply recites boilerplate case law and only averts to potential issues in a perfunctory and skeletal manner, plaintiff has waived any challenge to the ALJ's decision. "[Issues] adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *United States v. Elder*, 90 F.3d

1110, 1118 (6th Cir. 1996); *see also Kennedy v. Comm'r of Soc. Sec.*, 87 Fed.Appx. 464, 466 (6th Cir. 2003) (quoting *Elder*). "It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997); *see also Roby v. Comm'r of Soc. Sec.*, 48 Fed.Appx. 532, 539 n.2 (6th Cir. 2002) (quoting *McPherson*). The Commissioner also points out that this Court found that the claimant waived a similar argument in *Burger v. Comm'r of Soc. Sec.*, 2013 WL 2285375 (E.D. Mich. 2013), and, more recently, *Fielder v. Comm'r of Soc. Sec.*, 2014 WL 1207865 (E.D. Mich. 2014). Apart from citing to boilerplate case law concerning the ALJ's obligations in relying on VE testimony and the treating source rule without making any attempt to connect that law to the facts of this case, the only "errors" that plaintiff advances here are that the ALJ erred by failing to blindly accept her subjective allegations of ongoing limitations and by not requesting codes from the Dictionary of Occupational Titles for the positions that the VE identified. And, apart from her own testimony and subjective complaints to physicians, plaintiff cites only Dr. Henderson's April 12, 2012, medical source statement to support her contention that the ALJ erred in assessing her credibility. However, the Commissioner points out that Dr. Henderson's April 2012 statement was not part of the record before the ALJ. (Tr. 5). Given that this Court's review "is limited to determining whether there is

substantial evidence in the record to support the [ALJ's] findings," *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 851 (6th Cir. 1986), evidence submitted after the date of the ALJ's decision is not considered part of the record for purposes of substantial evidence review. *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996). Thus, the Commissioner maintains that this Court may not consider Dr. Henderson's April 2012 statement in reviewing the ALJ's decision.

According to the Commissioner, the ALJ incorporated significant restrictions into his assessment of plaintiff's RFC that fully accommodated the limiting effects of plaintiff's impairments. Specifically, the ALJ restricted plaintiff to light work with additional limitations to lifting only five pounds occasionally with her right arm; avoiding overhead work or fine dexterity with her right arm; only occasional pushing, pulling, gripping, and grasping with her right arm; no using air or vibrating tools; and no working around dangerous machinery or heights. (Tr. 15). In assessing these restrictions, the ALJ gave some weight to Dr. Digby's opinion, the only record medical source statement assessing specific functional limitations, but concluded that the evidence actually supported more restrictions than Dr. Digby assessed. (Tr. 18). The ALJ acknowledged that Dr. Henderson's opinion that plaintiff could not use her right arm at work, but, consistent with the applicable regulation and precedent, reasonably discounted that

opinion because it was based on plaintiff's subjective complaints, not supported by diagnostic testing or clinical observations, and inconsistent with plaintiff's daily activities (Tr. 18); *see* 20 C.F.R. § 404.1527(c)(3) and (4) (ALJ may consider "supportability" and "consistency" in assessing treating physician opinions); *McCoy ex rel. McCoy v. Chater*, 81 F.3d 44, 47 (6th Cir. 1995) (ALJ reasonably discounted treating physician's opinion where claimant's subjective complaints unsupported by objective findings); *Young v. Sec'y of Health & Human Servs.*, 925 F.2d 146, 151 (6th Cir. 1990) (discounting physician's report because it was "based on claimant's subjective complaints").

As the ALJ accurately recounted, an MRI and arthrogram of plaintiff's right shoulder was normal apart from "possible" tendinitis, an MRI of her cervical spine revealed only minimal degenerative changes, and electrodiagnostic studies were normal. (Tr. 17). Based on the electrodiagnostic studies, plaintiff's attending physician noted in March 2010 that her symptoms most likely resulted from strain rather than any neurogenic injury. (Tr. 17, 180). The ALJ further noted that plaintiff's condition was stable in terms of objective findings and that Dr. Henderson never recommended anything more than conservative treatment. (Tr. 17; *see* Tr. 163-67, 194, 198, 229, 233). Finally, the ALJ noted that plaintiff's activities, including picking up her children from school, going to the doctor, exercising her right arm and shoulder, buying food most days, cooking four to five

times per month, and continuing to work following her injury, reflected that she retained some ability to use her right arm. (Tr. 17-18). Against this substantial evidence, the Commissioner maintains that plaintiff has not established that she has limitations beyond the significant accommodations the ALJ included in his RFC assessment.

The Commissioner also argues that the ALJ properly relied on VE testimony at step five. According to the Commissioner, plaintiff's assertion that the ALJ erred by relying on VE testimony because the VE did not identify specific DOT codes for the positions she identified lacks any merit, given that this Court has repeatedly held that "[t]he absence of specific DOT code numbers does not undermine the substantial evidence supporting the ALJ's decision." *Charchick v. Astrue*, 2013 WL 4803498 at *9 (E.D. Mich. 2013) (Whalen, MJ) (citation omitted); *see also Ball v. Comm'r of Soc. Sec.*, 2013 WL 5179275 at * 11 (E.D. Mich. 2013) (Majzoub, MJ). According to the Commissioner, an ALJ may rely on VE testimony even when the VE does not provide DOT codes because the regulations do not require the VE to rely on classifications in the DOT. *Wilson v. Comm'r of Soc. Sec.*, 2011 WL 2607098 at *6 (E.D. Mich. 2011) (Cohn, J.). The Commissioner also points out that plaintiff was represented by counsel below and never questioned the VE about the DOT codes for the positions that she identified. (Tr. 42-43). Thus, plaintiff's argument has no merit.

## III. DISCUSSION

### A. Standard of Review

In enacting the social security system, Congress created a two-tiered system in which the administrative agency handles claims, and the judiciary merely reviews the agency determination for exceeding statutory authority or for being arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S. 521 (1990). The administrative process itself is multifaceted in that a state agency makes an initial determination that can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council. *Bowen v. Yuckert*, 482 U.S. 137 (1987). If relief is not found during this administrative review process, the claimant may file an action in federal district court. *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir.1986).

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v.*

*McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a claimant's subjective complaints and may ... consider the credibility of a claimant when making a determination of disability."); *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the claimant are to be given great weight, particularly since the ALJ is charged with observing the claimant's demeanor and credibility.") (quotation marks omitted); *Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence."). "However, the ALJ is not free to make credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility.'" *Rogers*, 486 F.3d at 247 (quoting Soc. Sec. Rul. 96-7p, 1996 WL 374186, *4).

If supported by substantial evidence, the Commissioner's findings of fact are conclusive. 42 U.S.C. § 405(g). Therefore, this Court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion." *McClanahan v.*

*Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers*, 486 F.3d at 241; *Jones*, 336 F.3d at 475. "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted) (citing, *Mullen*, 800 F.2d at 545).

The scope of this Court's review is limited to an examination of the record only. *Bass*, 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). "Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). There is no requirement, however, that either the ALJ or the reviewing court must discuss every piece of evidence in the administrative record. *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed. Appx. 496, 508 (6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly

13

addressing in his written decision every piece of evidence submitted by a party.") (internal citation marks omitted); *see also Van Der Maas v. Comm'r of Soc. Sec.*, 198 Fed. Appx. 521, 526 (6th Cir. 2006).

    B.    <u>Governing Law</u>

The "[c]laimant bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994); *accord Bartyzel v. Comm'r of Soc. Sec.*, 74 Fed. Appx. 515, 524 (6th Cir. 2003). There are several benefits programs under the Act, including the Disability Insurance Benefits Program (DIB) of Title II (42 U.S.C. §§ 401 *et seq.*) and the Supplemental Security Income Program (SSI) of Title XVI (42 U.S.C. §§ 1381 *et seq.*). Title II benefits are available to qualifying wage earners who become disabled prior to the expiration of their insured status; Title XVI benefits are available to poverty stricken adults and children who become disabled. F. Bloch, Federal Disability Law and Practice § 1.1 (1984). While the two programs have different eligibility requirements, "DIB and SSI are available only for those who have a 'disability.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). "Disability" means:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); *see also* 20 C.F.R. § 416.905(a) (SSI).

The Commissioner's regulations provide that disability is to be determined through the application of a five-step sequential analysis:

> Step One: If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
>
> Step Two: If the claimant does not have a severe impairment or combination of impairments, that "significantly limits ... physical or mental ability to do basic work activities," benefits are denied without further analysis.
>
> Step Three: If plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education or work experience.
>
> Step Four: If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.
>
> Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that plaintiff can perform, in view of his or her age, education, and work experience, benefits are denied.

20 C.F.R. §§ 404.1520, 416.920; *Heston*, 245 F.3d at 534. "If the Commissioner makes a dispositive finding at any point in the five-step process, the review

15

terminates." *Colvin*, 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work." *Jones*, 336 F.3d at 474, cited with approval in *Cruse*, 502 F.3d at 540. If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Commissioner. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006). At the fifth step, the Commissioner is required to show that "other jobs in significant numbers exist in the national economy that [claimant] could perform given [his] RFC and considering relevant vocational factors." *Rogers*, 486 F.3d at 241; 20 C.F.R. §§ 416.920(a)(4)(v) and (g).

If the Commissioner's decision is supported by substantial evidence, the decision must be affirmed even if the court would have decided the matter differently and even where substantial evidence supports the opposite conclusion. *McClanahan*, 474 F.3d at 833; *Mullen*, 800 F.2d at 545. In other words, where substantial evidence supports the ALJ's decision, it must be upheld.

C. <u>Analysis and Conclusions</u>

While the undersigned has thoroughly reviewed the record evidence, the parties' submissions, and the ALJ's decision, plaintiff cannot simply make the bald claims that the ALJ erred, while leaving it to the Court to scour the record to

16

support this claim. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to ... put flesh on its bones.") (citation omitted); *Crocker v. Comm'r of Soc. Sec.*, 2010 WL 882831 at *6 (W.D. Mich. 2010) ("This court need not make the lawyer's case by scouring the party's various submissions to piece together appropriate arguments.") (citation omitted). In the view of the undersigned, all of plaintiff's arguments are wholly insufficient and undeveloped. Plaintiff offers no basis whatsoever for the Court to conclude that the ALJ's decision is not supported by substantial evidence and offers no factual or legal basis for the Court to conclude that the ALJ committed reversible error of any sort.[2]

Moreover, the Commissioner convincingly establishes that the ALJ's RFC is well-supported by substantial evidence and that plaintiff's credible limitations

---

[2] As noted by the Commissioner and by the undersigned in other cases involving plaintiff's counsel, plaintiff's counsel regularly presents briefs with woefully underdeveloped arguments. *See e.g.*, *Fielder v. Comm'r of Soc. Sec.*, 2014 WL 1207865, at *1 n. 1 (E.D. Mich. 2014) (Rosen, C.J.). Judge Rosen suggested that sanctions, including a referral for disciplinary proceedings would be in order for future similarly deficient filings. Judge Rosen's opinion was released on March 24, 2014. The brief in this case was filed in January 2014, months before the *Fielder* decision. Thus, as in other recent decisions, the undersigned declines to recommend sanctions at this time, given that plaintiff's counsel did not have notice of Judge Rosen's opinion in *Fielder* when the brief in this case was filed. *See e.g.*, *Greason v. Comm'r of Soc. Sec.*, 2014 WL 6861315 (E.D. Mich. 2014); *Brewer v. Comm'r of Soc. Sec.*, 2014 WL 6750596 (E.D. Mich. 2014).

were accommodated in the RFC. Plaintiff simply fails to explain how the ALJ's RFC does not accommodate her credible limitations, as found by the ALJ, which are fully supported by substantial evidence in the record. Moreover, simply because plaintiff suffers from a certain condition or carries a certain diagnosis does not equate to disability or a particular RFC. Rather, the residual functional capacity circumscribes "the claimant's residual abilities or what the claimant can do, not what maladies a claimant suffers from–though his maladies will certainly inform the ALJ's conclusion about the claimant's abilities." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 240 (6th Cir. 2002). "A claimant's severe impairment may or may not affect his or her functional capacity to work. One does not necessarily establish the other." *Yang v. Comm'r of Soc. Sec.*, 2004 WL 1765480, at *5 (E.D. Mich. 2004). "The regulations recognized that individuals who have the same severe impairment may have different [residual functional capacities] depending on their other impairments, pain, and other symptoms." *Griffeth v. Comm'r of Soc. Sec.*, 217 Fed. Appx. 425, 429 (6th Cir. 2007); 20 C.F.R. § 404.1545(e). Thus, the mere existence of any condition from which plaintiff may have suffered does not necessarily establish any functional limitation or disability. Here, plaintiff seemingly argues that merely because she suffers from a certain impairments, she must be disabled. This is not so. And, significantly, plaintiff has failed to produce medical evidence or an opinion showing that he had

greater limitations than the ALJ found. *See Maher v. Sec'y of Health & Human Servs.*, 898 F.2d 1106, 1109 (6th Cir. 1987), citing *Nunn v. Bowen*, 828 F.2d 1140, 1145 (6th Cir. 1987) ("lack of physical restrictions constitutes substantial evidence for a finding of non-disability.").

### IV. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, that defendant's motion for summary judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: February 3, 2015          s/Michael Hluchaniuk
                                Michael Hluchaniuk
                                United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on February 3, 2015, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record.

                                s/Tammy Hallwood
                                Case Manager
                                (810) 341-7887
                                tammy_hallwood@mied.uscourts.gov